IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANTWAN MATTHEWS,                                                                     PLAINTIFF
ADC #108865

v.                                        4:22CV01116-LPR-JTK

MARK GOBER, et al.                                                                 DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.   Introduction**

Antwan Matthews ("Plaintiff") is in custody in the Drew County Detention Center. He filed this pro se action under 42 U.S.C. § 1983 against Drew County Sheriff Mark Gober, Drew County Detention Center Administrator Susan Potts, and Jailors Erica Rochelle and Barbara Parnell (collectively, "Defendants") in their official and personal capacities. (Doc. No. 1 at 1-2). Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP Motion"), which was granted. (Doc. Nos. 4, 5).

The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim on which relief may be granted. (Doc. No. 5). Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading; the Court provided detailed advice about what any Amended Complaint should contain. (Id.) Plaintiff filed his Amended Complaint on February 28, 2023. (Doc. No. 6). The Court will now continue screening Plaintiff's claims pursuant to the PLRA.

## II.   Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Plaintiff's Amended Complaint

Plaintiff sued Jail Administrator Susan Potts, Jailors Erica Rochell and Barbra Parnell, and Sheriff Mark Gober in their official and personal capacities. (Doc. No. 6 at 1-2). Plaintiff alleges that on October 14, 2022, Defendants Gober, Parnell and Rochell, among others, conducted a shakedown in A3.[1] (Id. at 4). Plaintiff was in the rec yard when the shakedown took place. (Id.). Plaintiff says that when he got back to his cell, his mail—including legal mail—was missing. (Id.).

Plaintiff asked Defendant Gober about Plaintiff's mail; Defendant Gober said he would check on it, but never returned. (Id.). Plaintiff then asked Defendant Parnell about his mail. (Id.). Defendant Parnell reviewed a video, and found that Defendant Rochell destroyed Plaintiff's mail and threw it away. (Doc. No. 6 at 4). Plaintiff explains that mail sent to him by his attorney, along with personal correspondence and photographs, were thrown away. (Id. 5). Plaintiff's property was not returned to him. (Id.). Plaintiff claims Defendant Rochell's actions violated Plaintiff's rights under the First Amendment. (Id.).

Plaintiff is suing Defendants Gober and Potts "because the hold authority and position at the jail . . . [and] were aware of the incident and neither did anything to correct the problem." (Id.). Plaintiff says he wrote Defendant Potts about this matter, but did not receive a response. (Id.). Plaintiff asserts that if Defendant Potts had trained Defendant Rochell properly, this incident could have been avoided. (Doc. No. 6 at 5).

Plaintiff seeks damages and injunctive relief. (Id. at 6).

### IV. Analysis

Plaintiff sued Defendants in their personal and official capacities.

---

[1] Plaintiff does not challenge the legality of the shakedown.

A.   **Official Capacity Claims**

Plaintiff sued Defendants in their personal and official capacities. (Doc. No. 1 at 1-2). "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Plaintiff's official capacity clams against Defendants are equivalent to claims against Drew County. To establish municipal liability, a plaintiff must prove that an official municipal policy or unofficial custom caused the constitutional injury. Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)).

Because Plaintiff has not alleged that a policy or custom was the driving force behind the alleged violation of his rights, Plaintiff's official capacity claims fail.

B.   **Personal Capacity Claims**

Plaintiff brought suit under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

1.   **Loss of Personal Property**

Plaintiff complains that Defendant Rochell threw away his personal property.

In Hudson v. Palmer, the United States Supreme Court held "that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the

4

procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." 468 U.S. 517, 533 (1984). The Court of Appeals for the Eighth Circuit has recognized Arkansas's post-deprivation remedies for inmates asserting the wrongful taking of personal property: conversion and a motion under the Arkansas Rules of Criminal Procedure. Butler v. Smith, 208 F.3d 217 (8th Cir. 2000) (unpublished). "Conversion is a common-law tort action for the wrongful possession or disposition of another's property." Hartness v. Nuckles, 2015 Ark. 444, 9 (2015) (internal citations omitted). To state a conversion claim, a plaintiff must establish that "the defendant wrongfully committed a distinct act of dominion over the property of another, which is a denial of or is inconsistent with the owner's rights." Id.

Plaintiff's allegations fall under a claim for conversion. To the extent Plaintiff makes a claim for the loss of personal property, that claim cannot proceed under 42 U.S.C. § 1983 because a meaningful postdeprivation remedy exists under Arkansas law.

### 2. Interference With Mail

Plaintiff asserts Defendant Rochell threw away his legal mail and the mail remains missing.

Legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such." Gardner v. Howard, 109 F.3d 427, 430 (8th Cir. 1997). Plaintiff says some of the missing mail was mail from his attorney. Plaintiff alleges Defendant Rochell threw away his legal mail in violation of the First Amendment.

To state a First Amendment claim, a plaintiff must allege actual injury – in an access to the courts claim the injury would be "the hindrance of a nonfrivolous and arguable meritorious underlying legal claim" Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008). Plaintiff has

not alleged any harm from the purported missing legal mail. Accordingly, Plaintiff failed to state a First Amendment claim in connection with his missing legal mail.

The Court notes that even if Plaintiff's claim is interpreted as falling under the Sixth Amendment, the claim would fail. A plaintiff must demonstrate that he was prejudiced, or that the intrusion created a substantial risk of prejudice, to succeed on a Sixth Amendment claim. See, for example, Wolff v. McDonnell, 418 U.S. 539, 576 (1974) (Sixth Amendment "reach[es] only to protect the attorney-client relationship from intrusion in the criminal setting) (internal citation omitted); Weatherford v. Bursey, 429 U.S. 545, 558 (1977); United States v. Singer, 785 F.2d 228, 234 (8th Cir. 1986).

### 3.  Corrective Inaction

Plaintiff's Complaint makes a corrective inaction claim against Defendants Gober and Potts.

There is no supervisory liability in 42 U.S.C. § 1983 claims. Wise v. Lappin, 674 F.3d 939, 942 (8th Cir. 2012). Rather, supervisors may be held liable only "'for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference or tacit authorization of the violative practices.'" Luckert v. Dodge County, 684 F.3d 808, 817 (8th Cir. 2012) (internal citation omitted). Because the Court found no underlying violation as to Plaintiff's missing personal property and legal mail, Plaintiff's corrective inaction claim fails. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993) (defendant "cannot be liable for 'corrective inaction' where there were no constitutional violations to correct").

Further, Plaintiff alleges Defendants Gober and Potts were aware that Defendant Rochell threw Plaintiff's belongings away, but failed to do anything about it. For liability to attach in a corrective inaction claim, Plaintiff must establish that Defendants Gober and Potts were aware of

6

a pattern of unconstitutional acts. Roby v. McCoy, 316 F. App'x 527, 529 (8th Cir. 2009). Plaintiff, though, identified only one allegedly unlawful act—Defendant Rochell throwing away his property. This one alleged unlawful act is insufficient to support a claim for corrective inaction.

### 4. Failure to Train or Supervise

Plaintiff alleges Defendant Potts failed to adequately train Defendant Rochell.

As the Court of Appeals for the Eighth Circuit recently explained,

> [t]he failure to train or supervise . . . must 'reflect[ ] a deliberate or conscious choice.' [] 'To be deliberately indifferent, an 'official must both be aware of facts from which the inference could be drawn that a substantial risk of [unconstitutional] harm exists, and he must also draw the inference.'

Sturgeon v. Faughn, 36 F.4th 804, 809 (8th Cir. 2022) (internal citations omitted). To succeed on a failure to train or supervise claim, a plaintiff must show that the supervisor:

> (1) had notice of a pattern of unconstitutional acts committed by subordinates; (2) was deliberately indifferent to or tacitly authorized those acts; and (3) failed to take sufficient remedial action; (4) proximately causing injury to [the plaintiff]

Perkins v. Hastings, 915 F.3d 512, 524 (8th Cir. 2019) (internal citation omitted).

Plaintiff, again, did not identify a pattern of unconstitutional acts. And the Court found there was no underlying constitutional violation in connection with Plaintiff's personal property, including legal mail. As such, Plaintiff's failure to train claim fails.

### 5. Defendant Parnell

Plaintiff alleges Defendant Parnell participated in the shakedown of his cell. (Doc. No. 11 at 4). Plaintiff further alleges that he asked Defendant Parnell about his missing property; Defendant Parnell reviewed video and discovered that Defendant Rochell threw certain of Plaintiff's belongings into the trash. (Id. at 4-5). These allegations against Defendant Parnell do not rise to the level of a constitutional violation.

7

## V. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted;

2. The Court recommend[2] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g)[3] and;

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 3rd day of March, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[3] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."